# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ERICA MARIE MENDEZ, )
)
       Plaintiff, )
)
v. ) Case No. CIV-15-416-RAW-SPS
)
NANCY A. BERRYHILL, )
Acting Commissioner of the Social )
Security Administration,[1] )
)
)
       Defendant. )

## REPORT AND RECOMMENDATION

The claimant Erica Marie Mendez requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on October 8, 1980, and was thirty-three years old at the time of the administrative hearing (Tr. 35). She completed ninth grade, and has worked as a nut sorter (Tr. 23, 159). The claimant alleges she has been unable to work since May 28, 2010, due to feet problems, headaches, memory loss, high blood pressure, and anxiety (Tr. 259).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on October 12, 2012. Her applications were denied. ALJ Larry D. Shepherd conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated May 28, 2014 (Tr. 12-24). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform a range of sedentary work, *i. e.*, she could lift/carry ten pounds occasionally and less than ten pounds frequently, stand/walk for at least two hours during an eight-hour workday, and sit six hours in an eight-hour workday. Additionally, the ALJ determined that the claimant could only occasionally climb stairs/ramps, reach overhead, balance, stoop, kneel, crouch, and crawl, and that she could never climb ladders, scaffolds, or ropes. Finally, he found that she could perform unskilled work (Tr. 21). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work that she could perform, *i. e.*, charge account clerk, telephone information clerk, and food and beverage order clerk (Tr. 23-24).

## Review

The claimant alleges that the ALJ erred by: (i) failing to properly evaluate a treating physician opinion, and (ii) improperly evaluating her credibility. The undersigned Magistrate Judge finds that the ALJ did fail to properly analyze the treating physician's opinion, and the Commissioner's decision should therefore be reversed.

The ALJ determined that the claimant had the severe impairments of degenerative disc disease status post lumbar fusion, morbid obesity, essential hypertension, and headaches (Tr. 14). Treatment notes for the claimant reflect that she injured her back in 2009 while working, and a 2010 report stated that she had been permanently impaired

such that it would affect her ability to earn wages at the same level (Tr. 342-343). In 2011, she underwent a posterior lumbar interbody fusion with instrumentation L4-S1 and iliac crest bone graft (Tr. 389). In August 2011, findings were consistent that she had a 60% permanent impairment to the whole person, would require continuing medical therapy including physical therapy and pain management, and her ability to earn the same wages was still considered permanently impaired (Tr. 437). She was considered to have reached maximum medical improvement with a permanent restriction of no lifting more than twenty pounds, no pushing or pulling more than twenty pounds, and only occasional bending and stooping (Tr. 445). She continued to report back pain in October 2012, which led to a recommendation of a hardware removal procedure (Tr. 531).

The claimant testified, and the evidence bears out, that she repeatedly went to the emergency room and her treating physicians with complaints of chest pain that were consistently ruled to be anxiety (Tr., *e. g.*, 525, 604, 813).

On February 17, 2017, Manuel Flores, PA-C, completed a medical assessment of the claimant's physical ability to do work (Tr. 869). He had seen her for follow-up after a week-long hospitalization for pneumothorax in January 2014. He indicated that the claimant could sit upright and stand each two hours, and walk one hour, but that she could not work an eight-hour day at any level even with a sit/stand option (Tr. 869). He indicated that she could lift less than ten pounds, and handle and finely manipulate objects, but that she could not push/pull arm controls or use foot controls (Tr. 869). He further stated that she needed to elevate her legs twice a day for one to two hours at a time, and noted she had chronic low back pain (Tr. 869).

Dr. Hans Fichtenberg treated the claimant at Family Health Center of Southern Oklahoma, and his treatment notes reflect that he assessed her with, *inter alia*, palpitations, limb pain, dysthymic disorder, thoracic neuritis, genitourinary candidiasis, lumbago, and further counseled her on a proper diet (Tr. 687). On February 27, 2014, Dr. Fichtenberg completed a medical assessment of the claimant's physical ability to do work, indicating that she could sit upright and stand each two hours in an eight-hour workday, and walk one hour, but that she could not work an eight-hour day at any level even with a sit/stand option (Tr. 871). At the time of the assessment, he noted her weight was 301 pounds (Tr. 871). He indicated that she could not lift even under ten pounds, but that she could grasp, push/pull arm controls, and finely manipulate objects with both hands and she could operate foot controls (Tr. 871). He further stated that she would need to elevate her legs every two hours, and noted that she could walk a block and then needed to rest (Tr. 871).

In his written opinion, the ALJ found the above-mentioned severe impairments at step two (Tr. 15). At step two, he then thoroughly summarized all of the medical evidence in no particular order, and even made assessments as to opinion evidence in the record findings (Tr. 15-20). The ALJ noted the claimant's morbid obesity and numerous entries related to her weight, as well as the evidence of each time the claimant went to the ER with concerns of chest pains, and the evidence related to her continued back pain. He then, at step two, assigned no weight to Manuel Flores's medical assessment, stating that it was "inconsistent with the claimant's reported activities, treating records, and because it was vague as to the objective medical evidence he relied on in formulating his opinion"

and further noting that he was not an acceptable medical source (Tr. 19). He used identical language to assign no weight to Dr. Fichtenberg's opinion, stating that it was "inconsistent with the claimant's reported activities, treating records, and because it was vague as to the objective medical evidence he relied on in formulating his opinion" (Tr. 19). At step four, the ALJ summarized the claimant's hearing testimony. He then found the claimant "not entirely credible" because she was able to care for the needs of her children and discussed the desire to have another child, and because she had not attempted to lose weight despite physician recommendations, even though her morbid obesity imposed limitations on her ability to walk and stand (Tr. 22). Without providing any reasons, the ALJ then assigned "some weight" to the state reviewing physician opinions, "[t]o the extent that they do not conflict with the above [RFC]" (Tr. 22).

Medical opinions from a treating physician are entitled to controlling weight if they are "'well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight to give it by analyzing the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ 404.1527 and 416.927].'"), *quoting Watkins*, 350 F.3d at 1300. Those factors are: (i) the length of the treatment relationship and the frequency of examination;

(ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-1301, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. Finally, if the ALJ decides to reject a treating physician's opinions entirely, "he must . . . give specific, legitimate reasons for doing so[,]" *id.* at 1301 [quotation marks omitted; citation omitted], so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300 [quotation omitted]. The ALJ was required to evaluate for controlling weight any opinions as to the claimant's functional limitations expressed by her treating physicians, but in this case he did not even acknowledge this obligation at step four, much less apply the proper analysis to the evidence. In his written opinion, the ALJ gave Dr. Fichtenberg's opinion "no weight," but completely ignored his statement that the claimant could not maintain meaningful employment in light of her impairments (Tr. 23).

Furthermore, the ALJ's boilerplate assertion that Dr. Fichtenberg's opinion was inconsistent with the treatment records was insufficient because it failed to specify what those inconsistencies were. The Commissioner attempts to defend the ALJ's rote rejection, but specific references to medical evidence are essential on this point because the ALJ's conclusion as to the claimant's abilities was at odds with Dr. Fichtenbeg's

assessment that the claimant suffered from impairments that impeded her ability to work. *See, e. g.*, *Clifton*, 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.") *citing Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-1395 (9th Cir. 1984).

It is true that an ALJ is not required to give controlling weight to an opinion that the claimant could not return to work, *see, e. g.,* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."), but he *is required* to determine the proper weight to give that opinion by applying the factors in 20 C.F.R. § 404.1527, specifically in relation to functional limitations. Instead, the ALJ ignored the evidence entirely. *See Langley,* 373 F.3d at 1119. *See also Miller v. Barnhart*, 43 Fed. Appx. 200, 204 (10th Cir. 2002); Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *3 (July 2, 1996) ("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record."). This error is particularly problematic because he was the only treating physician who actually examined the claimant and provided an opinion, since the claimant was not sent out for a consultative examination. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his

position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F2d 382, 385-386 (7th Cir. 1984).

As a final note, the undersigned Magistrate Judge notes that since the ALJ's decision, the Social Security Administration has issued Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (March 16, 2016), which supersedes, Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims. On remand, the ALJ should apply the Soc. Sec. Rul. 16-3p to the intensity, persistence, and limiting effects of the claimant's alleged impairments. Moreover, it should be noted that the ALJ's unsubstantiated conclusion that the claimant's inability to lose weight somehow detracted from her credibility would be inappropriate under either rubric. *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 743 (10th Cir. 1993) *and Kemp v. Bowen*, 816 F. 2d 1469, 1475 (10th Cir. 1987). *See also See* Soc. Sec. Rul. 02-1p, 2002 WL 3486281, at *1 (Sept. 12, 2002). Consequently, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a complete and proper analysis of the claimant's RFC, with particular attention to the opinion evidence in the record and the new requirements for assessing the intensity, persistence, and limiting effects of symptoms in disability claims. If on remand there is any adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 1st day of March 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**